FILED
2/2/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
JJR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 674-4 |
| v. | |
| JUAN CARLOS MALDONADO | Judge Steven C. Seeger |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant JUAN CARLOS MALDONADO, and his attorney, LISA WOOD, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with conspiracy to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846 (Count Three), and distribution of a controlled substance, namely, 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2 (Count Four).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count Three, which charges defendant with conspiracy to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count Three of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

On or about August 23, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, JUAN CARLOS MALDONADO, Jorge Luis Maldonado Bernabe, and Juventino Soto-Garcia, conspired with each other and with others known and unknown to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II

2

Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), in violation of Title 21, United States Code, Section 846.

Specifically, in or around August 2021, defendant JUAN CARLOS MALDONADO agreed to sell approximately one and a half kilograms of cocaine to Individual A, who was located in Iowa. On August 23, 2021, MALDONADO worked with co-defendants Jorge Luis Maldonado Bernabe ("Bernabe") and Juventino Soto-Garcia ("Soto-Garcia") to distribute the cocaine to Individual B, a courier for Individual A, who would obtain the cocaine in Chicago and drive the narcotics to Iowa. During a phone call in the afternoon of August 23, 2021, MALDONADO and Bernabe discussed providing one and a half kilograms of cocaine to Individual B, and MALDONADO asked Bernabe to confirm that Soto-Garcia was comfortable with selling the cocaine to Individual B, because the cocaine belonged to Soto-Garcia.

After the call on August 23, 2021, MALDONADO was aware that Bernabe and Soto-Garcia met with Individual B at a residence located on the 4200 block of West 83rd Street in Chicago. Bernabe, Soto-Garcia, and Individual B entered a black Toyota Camry registered to MALDONADO (the "Camry"), which MALDONADO was aware contained approximately 1,462.6 grams of cocaine in a trap compartment. MALDONADO acknowledges that Bernabe and Soto Garcia distributed the cocaine to Individual B by allowing Individual B to depart the area in the Camry with the cocaine in the trap compartment.

3

MALDONADO further acknowledges that on the evening of August 23, 2021, law enforcement conducted a stop of the Camry and recovered the approximately 1,462.6 grams of cocaine from a trap compartment near the center console of the vehicle. After the stop, MALDONADO called Bernabe and informed Bernabe that law enforcement had stopped Individual B. Bernabe told MALDONADO that the cocaine had been hidden in the trap compartment in the Camry.

Between approximately November 2020 and approximately August 2021, MALDONADO worked with co-defendants Bernabe and Soto-Garcia and others to obtain, store, and distribute kilogram quantities of cocaine, and acknowledges that he conspired to distribute at least approximately 23,330.6 grams of cocaine during that time period.

7. The foregoing facts are set forth solely to assist the Court in determining whether a factual basis exists for defendant's plea of guilty, and are not intended to be a complete or comprehensive statement of all the facts within defendant's personal knowledge regarding the charged crimes and related conduct.

## Maximum Statutory Penalties

8. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a. A maximum sentence of 40 years' imprisonment, and a statutory mandatory minimum sentence of 5 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation for this offense.

This offense also carries a maximum fine of $5,000,000. Defendant further understands that the judge also must impose a term of supervised release of at least four years, and up to any number of years, including life.

    b.  Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

    9.  Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

10. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2021 Guidelines Manual.

b. **Offense Level Calculations**.

i. The base offense level is 32, pursuant to Guideline §§ 2D1.1(a)(5) and 2D1.1(c)(4) because the offense involved approximately 23.3 kilograms of cocaine, which is more than 15 kilograms but less than 50 kilograms of cocaine.

ii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

6

iii. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 7 and defendant's criminal history category is IV:

i. On or about November 22, 2011, defendant was convicted of possession with intent to distribute cocaine in the U.S. District Court for the Northern District of Illinois, in Case No. 10CR1070, and sentenced to 28 months' imprisonment. Pursuant to Guideline § 4A1.1, defendant receives 3 criminal history points for this sentence.

ii. On or about June 1, 2016, defendant was convicted of possession of 30-500 grams cannabis in the Circuit Court of Cook County, Illinois, in Case No. 14CR2127701, and sentenced to 1 year of imprisonment. Defendant was arrested for this offense on or about November 4, 2014. Pursuant to Guideline

7

§ 4A1.1(b) and 4A1.2(a)(2), defendant receives 2 criminal history points for this sentence.

   iii. On or about June 1, 2016, defendant was convicted of possession of 30-500 grams cannabis in the Circuit Court of Cook County, Illinois, in Case No. 15CR1578301, and sentenced to 1 year of imprisonment. Defendant was arrested for this offense on or about August 28, 2015. Pursuant to Guideline §§ 4A1.1(b) and 4A1.2(a)(2), defendant receives 2 criminal history points for this sentence.

  d. **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level, is 29 which, when combined with the anticipated criminal history category of IV, results in an anticipated advisory sentencing guidelines range of 121 to 151 months' imprisonment, in addition to any supervised release and fine the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 5 years' imprisonment.

  e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation

8

and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

    f. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Cooperation

  11. Defendant agrees he will fully and truthfully cooperate in any matter in which he is called upon to cooperate by a representative of the United States Attorney's Office for the Northern District of Illinois. This cooperation shall include providing complete and truthful information in any investigation and pre-trial preparation and complete and truthful testimony in any criminal, civil, or

civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

19. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

    iii.  If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

    iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

    vi.  At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii.  At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be

13

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    b.  **Waiver of appellate and collateral rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, if the government makes a motion at sentencing for a downward departure pursuant to Guideline § 5K1.1, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, in exchange for the concessions made by the United States in this Agreement. In addition, if the government makes a motion at sentencing for a downward departure pursuant to Guideline § 5K1.1, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been

14

expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

20. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

**Presentence Investigation Report/Post-Sentence Supervision**

21. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing, including the nature and extent of defendant's cooperation.

22. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of

15

justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

23. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

24. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

25. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### Conclusion

26. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

27. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

28. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

17

29. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

30. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 2-2-23

ERIKA CSICSILA
Digitally signed by ERIKA CSICSILA
Date: 2022.12.15 11:53:45 -06'00'

Signed by Erika Csicsila on behalf of
JOHN R. LAUSCH, JR.
United States Attorney

EDWARD LIVA
Digitally signed by EDWARD LIVA
Date: 2022.12.15 16:07:27 -06'00'

EDWARD A. LIVA, JR.
Assistant U.S. Attorney

Juan Carlos Maldonado
JUAN CARLOS MALDONADO
Defendant

LISA WOOD
Attorney for Defendant

18